Myers, J.,
 

 dissenting. The defendant was' found guilty under the third count in the indictment charging-murder in the first degree. That count alleged that the defendant “did unlawfully, purposely and while attempting to perpetrate a burglary, kill Arthur Sponsel.”
 

 At the request of the state, the trial court gave the following special instruction to the jury before argument :
 

 “The court instructs you that if you find from the evidence that the defendants, William Hobbs and Charles Vincent Bose, or either of them, pursuant to a conspiracy or common design, entered upon the premises occupied by Mike Vertieh in the city of Hamilton, Butler county, Ohio, with intent to break and enter the building on said premises, and said defendants, or either of them, committed some overt act in attempting to break and enter said building, then the de
 
 *60
 
 fendant, William Hobbs, would be guilty of attempting to perpetrate a burglary.”
 

 In this definition of the crime of attempting to perpetrate a burglary, the court left out entirely the phrase “with intent to steal property of any value, or with intent to commit a felony.” Since the court in this special charge assumed to instruct the jury on essential elements of the crime of an attempt to perpetrate a burglary, this was not merely an error of omission but one of commission. The general charge of the court, given after argument, did not further define the crime of attempting to perpetrate a burglary.
 

 The principal defense relied upon by the defendant was that his mental condition by reason of intoxication was such that he could not form the intent necessary and requisite to the crime of murder in the first degree. That being his claim, the definition of the crime of attempting burglary as given by the court took from him whatever defense in that respect he might have had. In the instant case “the attempt to perpetrate a burglary” was an essential element of the third count of the indictment and by reason thereof the definition given in the special charge should have included all elements requisite to define the crime. Such 'elements not having been included, there was error prejudicial to the defendant.
 

 The judgment should be reversed and the case remanded for further proceedings’ according to law.